**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TASSOS EPICUREAN CUISINE, INC.,

      Plaintiff/Counter-Defendant,

v.                                                                            Case No. 05-CV-71510

TRIAD BUSINESS SOLUTIONS, INC. et al.,

      Defendants/Counter-Plaintiffs/
      Third-Party Plaintiffs.

v.

ANASTASIOS BOZADZIS,

      Third-Party Defendant.
      _____/

**OPINION AND ORDER GRANTING PLAINTIFF'S "MOTION TO ALLOW LATE FILING OF MOTION FOR ATTORNEYS' FEES," DENYING PLAINTIFF'S "MOTION FOR TAXATION OF COSTS AND ATTORNEYS' FEES" AND DENYING DEFENDANTS' "MOTION FOR TAXATION OF COSTS AND ATTORNEYS' FEES"**

Pending before the court are Plaintiff/Counter-Defendant Tassos Epicurean Cuisine, Inc.'s and Third-Party Defendant Anastasios Bozadzis's (collectively "TEC's") "Motion to Allow Late Filing of Motion for Attorneys' Fees" and "Motion for Taxation of Costs and Attorneys' Fees," as well as Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Triad Business Solutions, et al.'s (collectively "Triad's") "Motion for Taxation of Costs and Attorneys' Fees."[1] The motions have been briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated

---

[1] TEC and Bozadzis, who jointly bring their motion to allow late filing of their motion for attorneys' fees and motion for attorneys' fees, will be referred to collectively as "TEC." Likewise, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs jointly bring their motion for attorneys' fees and will be referred to collectively as "Triad."

below, the court will grant TEC's "Motion to Allow Late Filing of Motion for Attorneys' Fees," deny TEC's "Motion for Taxation of Costs and Attorneys' Fees" and deny Triad's "Motion for Taxation of Costs and Attorneys' Fees."

## I. BACKGROUND

On April 18, 2005, TEC filed its initial complaint against Triad, asserting claims for (1) breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and (2) negligence under state law. (TEC's Compl.) Triad filed a counterclaim against TEC and a third-party complaint against Anastasios Bozadzis, owner of TEC, alleging breach of contract. (Triad's Amended Countercl.) Thereafter, TEC amended its complaint to add a claim for breach of contract. (TEC's Amended Compl.) Finally, the parties stipulated to add an additional party, Professional Solutions, Inc., who was aligned as a Defendant/Counter-Plaintiff/Third-Party Plaintiff. (4/17/06 Order Granting Stip.)

The court conducted a bench trial "on the papers" and on March 28, 2007, issued its "Findings of Facts, Conclusions of Law, and Application of Facts to the Law." The court concluded that none of the parties met their burden of proof on the asserted claims and entered judgment in favor of Triad on the claims raised in TEC's amended complaint and in favor of TEC and Bozadzis on the claims raised in TEC's counter-complaint and third-party complaint. (3/28/07 Findings and Conclusions at 24.)

On April 5, 2007, Triad filed its "Motion for Taxation of Costs and Attorneys' Fees," seeking $55,636.19 in attorneys' fees and $2,006.05 in costs. On April 19, 2007, TEC and Bozadzis filed their "Motion to Allow Late Filing of Motion for Attorneys' Fees"

and "Motion for Taxation of Costs and Attorneys' Fees," seeking $55,148.16 in attorneys' fees and $1,695.85 in costs.

## II.  STANDARD

### A.  Leave to Allow Untimely Motion for Attorneys' Fees and Costs

Rule 54(d)(2) of the Federal Rules of Civil Procedure requires that an application for attorney's fees and other non-taxable costs be filed within fourteen days of the entry of judgment.  The court, however, may permit the late filing of a time-specified motion if the delay was the result of "excusable neglect."  Fed. R. Civ. P. 6(b)(2).  "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness."  *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).  Whether neglect is "excusable" is an equitable determination based on consideration of all the relevant circumstances, including the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.  *Id.*

### B.  Motions for Attorneys' Fees and Costs

Under the American Rule, attorney fees are generally not recoverable by the prevailing party.  *Kellogg Co. v. Sabhlok*, 471 F.3d 629, 636 (6th Cir. 2006).  However, parties to a contract may include a provision that the breaching party will be required to pay the other side's attorney fees.  *Zeeland Farm Servs. v. JBL Enters.*, 555 N.W.2d 733, 736 (Mich. Ct. App. 1996).  Recovery in such cases is limited to reasonable attorney fees.  *Id.*  With respect to costs, Rule 54(d) provides that "costs other than

3

attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).

## III.  DISCUSSION

### A.  Leave to Allow Untimely Motion for Attorneys' Fees and Costs

As an initial matter, the court addresses TEC's and Bozadzis's "Motion to Allow Late Filing of Motion for Attorney's Fees."  TEC's and Bozadzis's counsel, George Malis, maintains that he did not become aware that the March 28, 2007 judgment had been entered by the court until April 18, 2007. (Pl.'s Mot. to Allow Late Filing at 2.) Malis avers that the e-filing from the court that contained the judgement was inadvertently deleted when he cleaned out his email. (*Id.* at 3.)  Malis indicates that he first learned of the entry of the judgement on April 18, 2007, when he reviewed TEC's motion for attorney fees, which referenced the entry of the judgment. (*Id.* at 2.)  Malis maintains that once he became aware that the judgement had already been entered, he immediately sought to correct the oversight and filed the instant motion the next day. (*Id.* at 4.)

The court accepts Malis's explanation that his untimely filing was the result of neglect, not bad faith or dilatory motives.  Triad does not present, and this court is not aware of, any evidence to the contrary.  Furthermore, the court has not yet ruled on Triad's motion for attorneys' fees and finds that allowing TEC's filing will neither prejudice Triad nor impact the judicial proceedings.  Thus, the court concludes that TEC's late filing is the result of excusable neglect and that an extension of time under Rule 6(b)(2) is warranted.

## B. Motions for Attorneys' Fees and Costs

### 1. Attorneys' Fees

The parties base their motions on the attorneys' fee provision of the professional employer organization (PEO) agreement that governed their relationship. The provision provides as follows:

> ATTORNEY'S FEES. In the event that either party refers a matter to a collection agency or brings any other action as a result of a breach or default in any provision of this Agreement, the prevailing party in such collection proceeding or action shall be entitled to reimbursement of reasonable attorney fees and other costs and fees incurred in such collection or action in addition to any other relief to which the party may be entitled.

(PEO Agreement at ¶ 20, Defs' Ex. 3.) Pursuant to the provision, the "prevailing party" analysis is not implicated until there is "a breach or default in any provision" of the agreement. The provision does not provide that an alleged or claimed breach is sufficient to trigger the payment of attorney fees. The provision is unambiguous and should be enforced as written. *See Universal Underwriters Ins. Co. v. Kneeland*, 628 N.W.2d 491 (Mich. 2001) (stating that absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement). In addressing the claims before it, including TEC's and Triad's breach of contract claims against one another, the court expressly determined that "none of the parties have met their burden of proof on the claims asserted in this action." (3/28/07 Findings and Conclusions at 24.) Accordingly, because a finding of breach or default is necessary before a party is entitled to attorneys' fees under the contract, the court's

5

finding that no breach or default occurred precludes an award of attorneys' fees to either party.

## 2. Costs

TEC and Triad, claiming prevailing party status, seek an award of court costs and docket fees pursuant to 28 U.S.C. § 1920(2) and § 1923(a).

Pursuant to Rule 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). District courts enjoy great discretion in awarding costs. *Urseth v.* Dayton, 680 F. Supp. 1150, 1158 (S.D. Ohio 1987) (citing *W.R. Grace & Co. v. Hargadine*, 392 F.2d 9, 20 (6th Cir. 1968)). Where neither party prevails completely, the allocation of costs and fees rests largely with the district judge. *Id.*

As discussed above, because no party was able to establish a breach of contract, an award of attorneys' fees is improper. In fact, none of the claims brought by any party was successful. TEC lost on all three of its claims; Triad lost its counterclaim and third-party claim. To the extent that the parties "prevailed" in that they defended the claims against them successfully, the court finds that this "success" is insufficient to warrant an award of costs. The parties' victories, in light of their losses on their affirmative claims, are of such a technical and/or *de minimis* nature that an award of costs is unwarranted. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824 (6th Cir. 2005) (stating that a court has the discretion to deny costs where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the other party). The court will therefore deny TEC's and Triad's motions for costs.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that TEC's "Motion to Allow Late Filing of Motion for Attorneys' Fees" [Dkt. # 58] is GRANTED, TEC's "Motion for Taxation of Costs and Attorneys' Fees" [Dkt. # 59] is DENIED and Triad's "Motion for Taxation of Costs and Attorneys' Fees" [Dkt. # 56] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: August 3, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522